**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| EDGE NETWORKING SYSTEMS LLC, | § § § | Case No. 2:24-cv-00887-JRG |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | |
| AMAZON.COM, INC., AMACON.COM SERVICES LLC, and AMAZON WEB SERVICES, INC., | § § § § | |
| Defendants. | § § § | |

**PLAINTIFF EDGE NETWORKING SYSTEMS LLC'S**
**OPPOSED MOTION FOR LEAVE TO FILE**
**AMENDED COMPLAINT AGAINST AMAZON.COM SERVICES LLC**

# TABLE OF CONTENTS

**Page(s)**

I.    FACTUAL BACKGOUND.................................................................................................. 1

II.   LEGAL STANDARD...................................................................................................... 3

III.  ARGUMENT................................................................................................................... 4

      A.    Edge Networking's Motion for Leave to Amend Should Be Granted Under Rule 15(a)............................................................................................................... 4

      B.    Edge Networking's Amendment Is Supported by Good Cause............................. 8

IV.   CONCLUSION............................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Neuromodulation Sys. v. Advanced Bionics Corp.*,
  No. 4:04-cv-131, 2005 WL 8161795 (E.D. Tex. Jan. 28, 2005) ...............................................6

*Apex Beam Techs. v. TCT Mobile Int'l Ltd.*,
  No. 2:21-cv-00438-JRG, 2024 WL 1744063, at *1-*2 (E.D. Tex. Apr. 22,
  2024) ......................................................................................................................................3

*Blue Calypso, Inc. v. Groupon, Inc.*,
  No. 6:12-cv-486, 2013 WL 12141428 (E.D. Tex. July 19, 2013) ............................................8

*Carson v. Polley*,
  689 F.2d 562 (5th Cir. 1982) ..................................................................................................6

*Chitimacha Tribe of La. v. Harry L. Laws Co.*,
  690 F.2d 1157 (5th Cir. 1983) ................................................................................................3

*Cummins-Allison Corp. v. SBM Co.*,
  No. 9:07CV196, 2009 WL 10690598 (E.D. Tex. Oct. 21, 2009)..............................................6

*EMG Tech., LLC v. Vanguard Grp., Inc.*,
  No. 6:12-cv-543, 2014 WL 12597427 (E.D. Tex. May 12, 2014) .........................................10

*Engstrom v. First Nat'l Bank*,
  47 F.3d 1459 (5th Cir. 1995) ..................................................................................................3

*Foman v. Davis*,
  371 U.S. 178 (1962)................................................................................................................3

*H&R Block Tax Servs., Inc. v. Jackson Hewitt Tax Serv., Inc.*,
  No. 6:08cv37, 2008 WL 11265109 (E.D. Tex. Dec. 23, 2008)........................................6, 8, 9

*Hillman Grp., Inc. v. Keyme, LLC*,
  No. 2:19-CV-00209, 2020 WL 6938441 *2 (E.D. Tex. Oct. 23, 2020)....................................4

*Hydro-Quebec v. Valence Tech., Inc.*,
  No. A-06-CA-111-SS, 2011 WL 13175075 (W.D. Tex. Nov. 1, 2011)....................................7

*LBS Innovations., LLC v. Aaron Bros., Inc.*,
  No. 2:11-cv-142, 2012 WL 12897919 (E.D. Tex. Nov. 9, 2012).......................................8, 10

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*,
  283 F.3d 282 (5th Cir. 2002) ..................................................................................................3

*Modern Grp. Ltd. v. Pinnacle Cos.*,
No. 1-12-cv-43, 2013 WL 12139155 (E.D. Tex. Mar. 14, 2013)..............................................7

*OnPoint Sys., LLC v. Protect Animals with Satellites, LLC*,
No. 4:20-cv-657, 2021 WL 3140562 (E.D. Tex. July 26, 2021)......................................4, 5, 6

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003) .................................................................................................3, 4

*Tendler Cellular of Tex., LLC v. Mercedes-Benz USA, LLC*,
No. 6:11-CV-178, 2012 WL 12905979 (E.D. Tex. Apr. 3, 2012)..............................................5

*Wiggins v. La. State Univ.-Health Care Servs. Div.*,
710 F. App'x 625 (5th Cir. 2017) .............................................................................................7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)............................................................................................................7

Fed. R. Civ. P. 15..............................................................................................................3, 4, 6

Fed. R. Civ. P. 15(a) ........................................................................................................3, 4, 5

Fed. R. Civ. P. 16..................................................................................................................3, 4

Fed. R. Civ. P. 16(b) ..........................................................................................................3, 4, 8

Plaintiff Edge Networking Systems LLC ("Edge Networking" or "Plaintiff") respectfully requests that the Court grant Edge Networking leave to file its Amended Complaint against Amazon.com Services LLC to: (1) remove two defendants, Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon" or "Defendants"), from the case; and (2) assert four additional patents, U.S. Patent Nos. 12,113,850; 12,113,851; 12,126,673; and 12,126,674 (collectively, "the Additional Patents"), each of which is related to the three currently asserted patents. A copy of Edge Networking's Proposed Amended Complaint is filed with this Motion as Exhibit 1 and a redline of the Proposed Amended Complaint, as compared to the Complaint, is filed with this Motion as Exhibit 2. Defendants oppose this Motion.

## I.    FACTUAL BACKGOUND

Edge Networking filed its Complaint on November 1, 2024, alleging infringement of three patents by three related Amazon entities—Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. Dkt. 1. The accused products include Amazon's Elastic Kubernetes Service ("EKS") Web Services. *Id.*

The Court held a scheduling conference on January 21, 2025, and Edge Networking served infringement contentions on February 4, 2025. Dkt. 31. The Court entered the parties' agreed Docket Control Order on February 6, 2025, which set Amazon's invalidity contentions on April 29, 2025, claim construction exchanges to begin on October 3, 2025, a claim construction hearing on February 6, 2026, and jury selection on August 7, 2026. Dkt. 32.

On February 9, 2025, Defendants Amazon.com, Inc. and Amazon Web Services, Inc. filed a motion to dismiss, arguing that neither of these entities has a "regular and established place of business" in this District as required to lay venue. Dkt. 35. The third Defendant, Amazon.com Services LLC, filed an answer and counterclaims on February 16, 2025. Dkt. 41.

On March 4, 2025, counsel for Edge Networking informed counsel for Defendants that Edge Networking intended to file a motion for leave to file an amended complaint. In the proposed Amended Complaint, Edge Networking seeks to: (1) drop the entities that moved to dismiss, Amazon.com, Inc. and Amazon Web Services, Inc.; and (2) add four Additional Patents to the case, each of which is in the same family as the three currently asserted patents. As the deadline to amend pleadings in this case is November 21, 2025 (Dkt. 32 at 5), Edge Networking could have dropped entities from the case as a matter of right, but the Docket Control Order requires leave of Court to add new patents, even in this early stage of the case. *See id.* ("[i]t is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents.").

Each of the four Additional Patents is in the same patent family as the three originally-Asserted Patents, share the same two inventors and prosecuting attorneys, and is technologically related to the currently Asserted Patents. The scope of the Accused Products and the proofs relied upon will not change. The majority of the claims of the Additional Patents are merely method claim analogues of the currently-asserted system and apparatus claims. *Compare* Ex. 3, cl. 1 *with* '871 Patent (Dkt. 1-3), cl. 1. If the Amended Complaint is entered, there is significant remaining time in the schedule for the parties to prepare and serve new sets of infringement and invalidity contentions without disturbing the current claim construction schedule (or any remaining dates in the Docket Control Order). Defendants have been made aware of the Additional Patents, and any prejudice to Defendants is minimal, given the early stages of the case. Dropping two entities should also not be controversial—these entities moved to dismiss and could have been dropped as of right.

After meeting and conferring, Amazon stated that it would not oppose the motion on the conditions that: (1) the entire schedule, including the trial date, be amended to add 3-4 months

(placing the trial date at November 6, 2026); and (2) that Edge Networking agree that it will not seek to add Amazon Web Services or Amazon.com, Inc. as parties to this litigation to the extent the case remains in the Eastern District of Texas. Because these conditions are not acceptable to Edge Networking, this Motion is being filed as opposed.

Adding the Additional Patents against Defendants in this case would result in efficiencies for both the Court and the parties, given that they involve the same technology and same Accused Products as the patents already asserted in the case.

## II.    LEGAL STANDARD

Courts have considered these types of motions under both Fed. R. Civ. P. 15 and 16. *Apex Beam Techs. v. TCT Mobile Int'l Ltd.*, No. 2:21-cv-00438-JRG, 2024 WL 1744063, at *1-*2 (E.D. Tex. Apr. 22, 2024) (granting leave to amend complaint to add patents under either Fed. R. Civ. P. 15 or 16).

Rule 15(a) provides that leave to amend shall be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a); *see also Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). The well-settled law of the Fifth Circuit holds that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.,* 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1983)). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 16(b) applies to determining whether leave to amend pleadings should be granted when the deadline for doing so has already passed. *See S&W Enters., L.L.C. v. SouthTrust Bank of*

3

*Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). In determining whether good cause exists to support an amendment, the court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (citations and footnote omitted).

## III.   ARGUMENT

### A.   Edge Networking's Motion for Leave to Amend Should Be Granted Under Rule 15(a)

The proposed amendment is not required to satisfy the "good cause" requirement of Rule 16(b) because the deadline to amend pleadings has not passed and is, in fact, eight months away. Dkt. 32 at 5 (deadline to file amended pleadings is set for November 21, 2025); *see S&W Enters.*, 315 F.3d at 536 (Rule 16(b) only applies "after a scheduling order deadline has expired."). Recent decisions by courts in this District have applied Rule 15(a) when adding patents, even when the motion to amend was filed very close to the deadline to amend pleadings. *See OnPoint Sys., LLC v. Protect Animals with Satellites, LLC*, No. 4:20-cv-657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021) (applying Rule 15(a) to determine whether to add patent based on motion to amend filed on "the same day as the court-ordered deadline to amend").[1] Edge Networking's Motion for leave to amend "shall be freely given" because Defendants do not face any prejudice as a result of

---

[1] Edge Networking expects that Defendants will argue that Rule 16 rather than Rule 15 applies here because the amendment of Edge Networking's Complaint would require amendment to the current Docket Control Order for Edge Networking to serve additional preliminary infringement contentions for these Additional Patents. However, this Court has not adopted that theory. *See Hillman Grp., Inc. v. Keyme, LLC*, No. 2:19-CV-00209, 2020 WL 6938441 *2 (E.D. Tex. Oct. 23, 2020) (Gilstrap, J.) (declining to resolve conflict over whether plaintiff needed to satisfy Rule 16(b) to add new patents).

Edge Networking's proposed amendment; there is no undue delay, bad faith, or dilatory motive behind the proposed amendment; and the amendment is not futile.

First, this case is still at an early stage. Amazon has not yet served its invalidity or subject-matter eligibility contentions, no party has served any discovery requests, substantive discovery has not yet begun, and the parties' deadline to submit a joint claim construction statement is not due until November 14, 2025. *See* Dkt. 32. The Markman hearing is set for February 6, 2026, and trial will not start until August 7, 2026. *Id.* Due to the very early stage of this case, there is no potential prejudice to Defendants in allowing Edge Networking's amendment. *See OnPoint Sys.,* 2021 WL 3140562 at *2 (finding no undue prejudice where "[d]iscovery is still in its beginning stages and so it would not have to reopen, merely continue."). Further, Edge Networking provided its intent to assert the Additional Patents on March 5, 2025, so Defendants were free to begin searching for any additional prior art (if needed) as of that date. Edge Networking is also amenable to a reasonable extension of Defendants' deadline to file its invalidity contentions for these Additional Patents since Edge Networking will need to provide preliminary infringement contentions with respect to the Additional Patents. *See Tendler Cellular of Tex., LLC v. Mercedes-Benz USA, LLC*, No. 6:11-CV-178, 2012 WL 12905979, *1 (E.D. Tex. Apr. 3, 2012) (finding amendment to add new patent would not be unduly prejudicial because claim construction and trial were over six months away and "Tendler has asserted that it is amenable to modifying any existing deadlines or discovery obligations in order to accommodate the addition of the '117 patent").

Second, Edge Networking's amendment is not the result of undue delay. The amendment to remove two entities from the case is made in response to those entities moving to dismiss and providing declaration evidence regarding their business activities in this District.

Each of the Additional Patents issued merely weeks before the Complaint in this case was filed. U.S. Patent Nos. 12,113,850 and 12,113,851 issued on October 8, 2024, while U.S. Patent Nos. 12,126,673 and 12,126,674 issued on October 22, 2024. Exs. 3–6. Thus, allowing Edge Networking to add the Additional Patents to this case, rather than requiring it to file a new case, will allow the parties to adjudicate all of Edge Networking's infringement claims involving the Accused Products in a prompt and efficient manner. *See Advanced Neuromodulation Sys. v. Advanced Bionics Corp.*, No. 4:04-cv-131, 2005 WL 8161795, *3 (E.D. Tex. Jan. 28, 2005) (granting leave to add "two new and related patents"); *see also H&R Block Tax Servs., Inc. v. Jackson Hewitt Tax Serv., Inc.*, No. 6:08cv37, 2008 WL 11265109, *3 (E.D. Tex. Dec. 23, 2008) (granting leave to add new patent because there was factual overlap between the new patent and already asserted patents, "[t]he alternative would be for Plaintiff to file a second lawsuit against Defendant accusing the [new product] of infringement of the [new patent]," and "a single consolidated *Markman* briefing schedule, hearing, pretrial, and trial that includes the '425 patent [would] conserve both party and judicial resources.").

Edge Networking's Motion to amend is timely. This Motion is filed well before the November 21, 2025 Court deadline for amending pleadings. *See OnPoint Sys.*, 2021 WL 3140562, at *2 (finding undue delay factor weighed in favor of granting motion because "Federal courts within the Fifth Circuit have found that there is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline") (internal quotations omitted). Additionally, while the timing of a patentee's assertion is one factor to consider under Rule 15, "merely because a claim was not presented as promptly as possible does not vest the court with authority to punish the litigant." *Cummins-Allison Corp. v. SBM Co.*, No. 9:07CV196, 2009 WL 10690598, *1 (E.D. Tex. Oct. 21, 2009) (citing *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)). The claim

construction process is not set to begin for approximately seven months. Dkt. 32. Thus, adding the Additional Patents now will not require another claim construction date or any other undue delay. *Cf. Modern Grp. Ltd. v. Pinnacle Cos.*, No. 1-12-cv-43, 2013 WL 12139155, *2 (E.D. Tex. Mar. 14, 2013) (denying motion for leave to amend because "the court has already held the *Markman* hearing, issued a claim construction order, and scheduled dispositive motions"); *see also Hydro-Quebec v. Valence Tech., Inc.*, No. A-06-CA-111-SS, 2011 WL 13175075, *4 (W.D. Tex. Nov. 1, 2011) (denying motion to add new patents because "further claim construction at this late date would cause undue delay").

Third, there is no evidence of bad faith or dilatory motive behind Edge Networking's proposed amendment. Edge Networking seeks to drop two entities from the case because they have provided credible evidence regarding their activities in this District and has reason to believe Defendants' Accused Products infringe the Additional Patents, and it would be inefficient to litigate this case elsewhere or file a new case against Defendants when this case involves the same parties and includes the same set of Accused Products.

Fourth, the amendment is not futile. "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 628 (5th Cir. 2017). Accepting as true all of the well-pleaded facts in Edge Networking's proposed Amended Complaint, as is required under Rule 12(b)(6), Edge Networking has pled sufficiently specific facts to state a claim, including that the Accused Products are alleged to infringe the Additional Patents and what aspects of those products infringe.

B.      **Edge Networking's Amendment Is Supported by Good Cause**

In the event the Court decides that Federal Rule of Civil Procedure 16(b) applies, Edge Networking's Motion for leave to amend is supported by good cause.

***Importance of the Amendment.*** The proposed amendment is important because Edge Networking seeks to vindicate its patent rights with respect to the Additional Patents, and doing so in another case would be inefficient, given the significant overlap between the Accused Products and the identity of the accused technology among the two sets of patents. *See Apex Beam*, 2024 WL at 1744063, at *2–*3 ("the Court is convinced that adjudicating the claims related to the Additional Patents alongside the claims related to the Original Asserted Patents will be more efficient than resolving these infringement allegations in separate cases") (citing *Blue Calypso, Inc. v. Groupon, Inc.*, No. 6:12-cv-486, 2013 WL 12141428, *1 (E.D. Tex. July 19, 2013)).

***Undue Prejudice/Availability of a Continuance.*** Edge Networking's proposed Amended Complaint will not cause any undue prejudice to Defendants for several reasons. First, "the current trial setting provides adequate time to address any issues that might arise." *LBS Innovations., LLC v. Aaron Bros., Inc.*, 2:11-cv-142, 2012 WL 12897919, at *3 (E.D. Tex. Nov. 9, 2012). The claim construction hearing is not scheduled until early 2026; fact discovery closes on March 9, 2026; dispositive motions are due April 27, 2026; and trial is not scheduled to begin until August 7, 2026. Dkt. 32. In light of this trial schedule, any theoretical prejudice Defendants may face as a result of this amendment could easily be cured through the submission of amendment to the Docket Control Order without moving the "good cause" dates (*e.g.*, a minor continuance). *See H&R Block Tax Servs.*, 2008 WL 11265109 at *3. Second, the scope of the Accused Products in this action will not change. Edge Networking's operative Infringement Contentions define the Accused Products as:

8

[A]ll versions and variants of Amazon Elastic Container Service ("ECS") and Amazon Elastic Kubernetes Service ("EKS"), including all supporting software, servers, computer systems, and infrastructures, since at least 2018. Moreover, the accused ECS and EKS products further comprise at least the Amazon ECS scheduler, AWS management console, AWS command line interface, AWS SDKs, Copilot, AWS CDK, AWS Fargate, and EC2, AWS Outposts, and any other component or supporting software or hardware.

Ex. 7 at 2. The products accused of infringing the Additional Patents will be identical,[2] and thus the scope of the case will not change.[3] The Additional Patents have the same two inventors and same patent prosecution firm as the currently Asserted Patents. Thus, the scope of discovery that Defendants must conduct related to conception, reduction to practice, inventorship, and prosecution will not change. Defendants' EKS products are accused of infringing all of the patents in this case, and Edge Networking seeks to assert the Additional Patents against those same products. In sum, "the importance of efficiency and conserving party and judicial resources, on balance, outweighs the minimal prejudice Defendant will face as a result of the addition of the [new] patent." *H&R Block Tax Servs.*, 2008 WL 11265109, at *3 (granting leave to add new patent under 16(b)).

   ***Timeliness.*** Edge Networking is timely moving to amend for several reasons. With respect to the proposed dropped Defendants, Edge Networking is moving to amend in response to their Motion to dismiss. With respect to the Additional Patents, these patents were issued mere weeks before the Complaint in this action was filed on November 1, 2024. Edge Networking has determined that these patents are infringed, and that it would be more efficient for all of these

---

[2] The scope of the Accused Products may be modified as discovery progresses, but the proposed amended complaint will not, on its own, change the scope of the products accused of infringing any patent in this action.

[3] If anything, the scope of the case will be reduced with the removal of two defendants.

disputes to be adjudicated in the current case. Given the early stage of this case, and the importance of this amendment, the Court should find good cause, even if it finds that this Motion is untimely. *See EMG Tech., LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597427, \*3 (E.D. Tex. May 12, 2014) (granting leave to amend because discovery had not yet closed, meaning "EMG had opportunity to inquire about AutoZone's position" and there was thus no prejudice); *LBS Innovations.*, 2012 WL 12897919, at \*3 (granting leave to amend despite plaintiff's failure to adequately explain delay based on other factors).

## IV.    CONCLUSION

For the foregoing reasons, Edge Networking respectfully requests that the Court grant its Motion for Leave to File its Amended Complaint, and enter the proposed Amended Complaint attached hereto as Exhibit 1.

Dated: March 12, 2025                    Respectfully submitted,

                                         /s/ Vincent J. Rubino, III
                                         Alfred R. Fabricant
                                         NY Bar No. 2219392
                                         Email: ffabricant@fabricantllp.com
                                         Peter Lambrianakos
                                         NY Bar No. 2894392
                                         Email: plambrianakos@fabricantllp.com
                                         Vincent J. Rubino, III
                                         NY Bar No. 4557435
                                         Email: vrubino@fabricantllp.com
                                         Joseph Mercadante
                                         NY Bar No. 4784930
                                         Email: jmercadante@fabricantllp.com
                                         **FABRICANT LLP**
                                         411 Theodore Fremd Avenue
                                         Suite 206 South
                                         Rye, New York 10580
                                         Telephone: (212) 257-5797
                                         Facsimile: (212) 257-5796

Justin Kurt Truelove
State Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF***
***EDGE NETWORKING SYSTEMS LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 12, 2025, a true and correct copy of the

above and foregoing document has been served on all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III



**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have met and conferred on the subject matter of this Motion

and Defendants opposed Edge Networking's Motion for Leave to File Amended Complaint.


*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III