IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EDGE NETWORKING SYSTEMS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC, *and* AMAZON WEB SERVICES, INC.,<br><br>*Defendants*. | CASE NO. 2:24-CV-00887-JRG-RSP |

**<u>MEMORANDUM ORDER</u>**

Before the Court is Defendant Amazon.com Services, LLC's ("Amazon") Motion to Transfer. **Dkt. No. 66**. The motion is fully briefed. *See* Dkt. Nos. 70, 72, 73. In the Motion, Amazon seeks transfer to the Northern District of California ("NDCA") for convenience. Dkt. No. 66 at 1. For the reasons set forth below, the Court denies the Motion.

### I.      LEGAL STANDARD

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a

case could have been brought in the transferee forum falls on the party seeking transfer. *See Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

Regarding the propriety of venue specifically, the Judicial Code provides that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and established place of business in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the

2

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

In reversing a district court's grant of a transfer motion, the Fifth Circuit recently emphasized that "it is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (citing *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)). "[S]howing "good cause" requires the movant to "clearly demonstrate" that its chosen venue is "clearly more convenient." *Id.* (internal citations and quotations omitted). That standard is not met if the movant merely shows that the transferee venue is more likely than not to be more convenient. *Id.* (internal citations and quotations omitted). Likewise, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer. *Id.* (internal citations and quotations omitted). "[T]o establish good cause, a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—*i.e.*, clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.* (emphasis in original).

In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes

3

in favor of the non-movant. *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV-123, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

In balancing the public and private interest factors, the Fifth Circuit directs courts to avoid a mere tallying of the factors. *See In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). To that end, the Court considers not only each factor's outcome but also its weight to determine whether the actual convenience of the proposed transferee forum is "clearly more convenient" than that of this district. *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 310 (5th Cir. 2024) (quoting *In re Clarke*, 94 F.4th at 508). *In re Clarke* shows that a motion to transfer under 1404(a) carries a substantial burden. *See generally* 94 F.4th 502. Here, Defendants have failed to meet that burden, as explained below.

## II.   DISCUSSION

Amazon argues for the propriety of venue in NDCA, and Plaintiff does not contest it. *See* Dkt. No. 66 at 6; Dkt. No. 70 at 4. Having considered Amazon's arguments, the Court is satisfied that the case could have originally been brought in NDCA. The Court now moves on to consideration of the public and private interest factors that inform convenience.

4

A. <u>Private Interest Factors</u>

    i. *Relative Ease of Access to Sources of Proof*

Amazon argues that "the relevant sources of proof . . . are concentrated in *or near* NDCA." Dkt. No. 66 at 6 (emphasis added). Amazon identifies two categories of "sources of proof" "belong[ing] to non-parties . . . located in or around NDCA": (1) the two inventors, Vivek Ramanna and Pouya Taaghol, who both reside in NDCA, and their employers, Intel and Cisco, who are located in NDCA, and who are allegedly relevant to standing, inventorship, inequitable conduct, and prior art (of Intel and Cisco), and (2) other relied on prior art systems from Google (Borg) and Arista (SDCN). *Id.* at 7–8. Amazon also identifies the accused products as being "concentrated in or near Seattle . . . where AWS is headquartered," including marketing and finance employees, and source code that is "accessible from NDCA." *Id.* at 8.

Plaintiff counters that its own documents and records are maintained in offices in Plano and Austin, which include the file histories of the asserted patents, as well as research and development information. Dkt. No. 70 at 5; Dkt. No. 73 at 3 (citing Dkt. No. 70-1 ¶ 6). Quoting the Bala declaration, Plaintiff argues that the accused products (EKS and ECS) and information related thereto are mostly in Seattle: "the marketing, finance, and legal team members associated with EKS are in Seattle," "two members of the marketing team responsible for ECS are located in the Bay Area, and one is located in Seattle," and "the person in charge of finance for ECS is in Seattle." Dkt. No. 70 at 6 (citing Dkt. No. 66-1 ¶¶ 5–6, 8). Plaintiff also evidences, using, *inter alia*, an interrogatory response by Amazon, that the source code "accessible" in NDCA is also accessible and used by AWS employees and

5

ASL teams and operations in this District (including by ASL's Business Technologies and Ads Division, and in Amazon Fulfillment Centers). Dkt. No. 73 at 3 (quoting Dkt. No. 70-26 at 8) (citing Dkt. No. 35-2 ¶¶ 7–9, 14–19, 23–24).

The Court finds that the relative ease of access to sources of proof factor is at most neutral. Despite Amazon's argument that "the bulk of relevant evidence usually comes from the accused infringer," Dkt. No. 66 at 6 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)), most of the evidence that it persuasively argues is in NDCA is generally related to its standing defense, as it admits in Reply, Dkt. No. 72 at 1–2, and not the underlying questions of infringement or invalidity. Even so, Amazon has not shown that travel and transportation from Seattle to NDCA would be any less costly or burdensome than the same to this District, especially considering that significant interstate travel would already be required. *See In re Clarke*, 94 F.4th at 508 (requiring clear evidence of a *significant* gain in convenience to cause transfer); *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV_123, 2019 WL 6345191, at *5 (E.D. Tex. Nov. 27, 2019). Additionally, Plaintiff has shown that many of the relevant sources of proof, including source code, witnesses, and documentation of the asserted patents and prior art, are equally accessible here, and indeed are often accessed in this state.

   ii. *Availability of Compulsory Process to Secure Attendance of Witnesses*

Amazon argues that this factor weighs strongly in favor of transfer because "many third parties are within the subpoena power of NDCA but not of this District." Amazon refers to the two inventors and the prosecuting attorney, who reside in NDCA, as well as, generally, "witnesses knowledgeable about key prior art (who work for Google, Cisco, Intel, and

Arista)," and the former assignees of the asserted patents, who are also located in NDCA. Dkt. No. 66 at 10–11. Amazon argues that the two university researchers in Dallas are not relevant given that Plaintiff "only acquired the patents in April 2023," Plaintiff does not have any commercial products, and the researchers are likely to be willing witnesses as they are associated with Plaintiff. *Id.* at 11.

Plaintiff counters that this factor weighs against transfer for several reasons. Plaintiff identifies "five former AWS employees whose work pertained to the cloud computing technology at issue in this case and reside in this District." Dkt. No. 70 at 8. Plaintiff also argues that the inventors should not be considered under this factor because one is willing, and testimony of the other would be duplicative. *Id.* at 9. Similarly, Plaintiff argues that Amazon has failed to identify why the former assignees would have relevant information, *id.* at 10, and has failed to identify with specificity who are the witnesses allegedly knowledgeable about prior art who work for Google, Cisco, Intel, and Arista. *Id.* at 10–11.

The Court finds that Amazon has not shown that the availability of compulsory process to secure attendance of witnesses favors transfer to NDCA. At best to Amazon, this factor is neutral. Plaintiff is correct that at least one of the inventors is willing and should thus not be considered under this factor; Plaintiff is also correct that several former (and unwilling) employees of AWS in this District would be subject to the subpoena power of this Court. However, Amazon is correct that the other inventor's testimony may be relevant, considering that he worked for a different company during the relevant time. Additionally, that inventor resides in NDCA and has not been shown to be willing. Amazon is also correct that the university researchers associated with Plaintiff are likely to be willing, so their

7

presence does not weigh heavily. Finally, while Amazon argues that witnesses knowledgeable about key prior art, who work for Google, Cisco, Intel, and Arista, and witnesses at predecessors in interest, are located in NDCA, the Court does not find that fact persuasive where Amazon has not identified a single witness at any of those companies (regardless of whether they will testify at trial) or explained how the predecessors in interest to the asserted patents will have relevant testimony. Consequently, this factor is also neutral.

### iii. Cost of Attendance for Willing Witnesses

Amazon argues that NDCA offers a lower cost of attendance for willing witnesses because of its proximity to Seattle and the West Coast generally (for Amazon employees), and Korea (for Plaintiff's CEO). Dkt. No. 66 at 11–13. It argues that there are direct flights to NDCA, whereas arrival to Marshall would include a "170-mile drive" in addition to a longer flight. *Id.* at 12. Amazon also argues that some of its employees with relevant knowledge of the accused products are at home in NDCA. *Id.* Amazon finally argues that "the potential lower cost of attendance for" the two researchers in Dallas associated with Plaintiff, "would not outweigh the greater cost incurred by the . . . larger number of willing witnesses located outside this District." *Id.* at 13.

In response, Plaintiff argues that the witnesses are not just in Seattle or the West Coast, but "would need to travel from Seattle, Chicago, Jersey City, and Vancouver" regardless. Dkt. No. 70 at 10. Plaintiff also produces the identities of sixteen witnesses who work on the accused functionality for AWS, and who reside in this District. *Id.* at 10–12. Plaintiff also points out that the inventor would not assert any inconvenience in traveling to this District, and its own CEO would prefer to travel here versus NDCA given Plaintiff's

nearby offices. *Id.* at 12. Plaintiff also argues that meals and lodging would add to the cost of a trial in NDCA, compared to Marshall. *Id.*

The Court agrees with Plaintiff that this factor does not support transfer. Many willing witnesses do not reside in this District, but in Seattle, Chicago, Jersey City, Vancouver, Korea, and in other locations, and Plaintiff is likely correct that the cost of travel to, lodging and food in Marshall, especially across a week of trial, is lower compared to NDCA. Additionally, Plaintiff has shown that several willing witnesses, including sixteen Amazon witnesses, and two researchers associated with Plaintiff, are already at home in this District. The Court does not give too much weight to the willingness of one of the inventors and Plaintiff's CEO to travel here, which does not account for the costs for them to attend. But given these facts, it is difficult for the Court to see how the cost of attendance for willing witnesses would be significantly lower with trial in NDCA than in this District.

> iv. *All other Practical Problems That Make Trial Easy, Expeditious, and Inexpensive*

Amazon argues this factor is neutral, and Plaintiff concedes it. Dkt. No. 66 at 13; Dkt. No. 70 at 13. The Court agrees and finds that this factor is neutral.

B. <u>Public Interest Factors</u>

> v. *Administrative Difficulties Flowing from Court Congestion*

Amazon argues this factor is neutral, given the Federal Circuit's instruction in *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Dkt. No. 66 at 14. As this Court has stated before, while it is "perplexing to consider the marketplace status of the parties in assessing this public interest factor related to court congestion, it is bound by the Federal Circuit's decision in [*Google*] to afford this factor no weight based on time-to-trial

9

differences." *Emerging Auto. LLC v. Kia Corp.*, No. 2:23-CV-434, 2024 WL 3170398, at *13 (E.D. Tex. June 25, 2024). Therefore, despite Plaintiff's convincing argument that "NDCA is far more congested than EDTX," Dkt. No. 70 at 13, and Plaintiff's speculation that it may be affected in its future commercialization efforts, Dkt. No. 73 at 5, because Plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that . . . might add urgency to case resolution," *Google*, 58 F.4th at 1383, this Court is bound to afford this factor neutral status.

      vi.  *Local Interest in Having Localized Interests Decided at Home*

As the Federal Circuit explained in *In re Apple*, "this factor most notably regards not merely the parties' significant connections to each forum . . . but rather the significant connections between a particular venue and the events that gave rise to a suit." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320 (Fed. Cir. 2021) (quotations omitted) (quoting *In re Apple*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (citation omitted)). Amazon relies on *Juniper* to argue that its "general presence in the [Eastern] District of Texas is not enough." Dkt. No. 66 at 14 (quoting *Juniper*, 14 F.4th at 1320); Dkt. No. 72 at 5. However, *Juniper* is materially distinguishable. In *Juniper*, the defendant showed that the "accused products were primarily designed, developed, marketed, and sold from [its] headquarters within" the transferee district. *See Juniper*, 14 F.4th at 1316. Additionally, the plaintiff had only established an office in the transferor district months before filing, only two employees worked there, one of whom was an in-house attorney, and plaintiff's own officers resided in the state of the transferee forum. *See Juniper*, 14 F.4th at 1320.

10

Here, in contrast to *Juniper*, Amazon's "headquarters, as well as the leadership team and majority of engineers that work on both Accused Products, are located in Seattle, Washington," Dkt. No. 66 at 5, two states removed from the transferee forum. Amazon's marketing team for the accused products is also located primarily in Seattle. Dkt. No. 66-1 ¶¶ 5–6, 8. Also, Amazon has several distribution centers and employees (unrelated to the subject matter of this action) in both the NDCA and this District, and while some employees in California allegedly contributed to the accused products, Dkt. No. 66 at 13, so too did employees in Seattle, Jersey City, Vancouver, and Chicago, Dkt. No. 70 at 10. The Court therefore finds that Amazon and the accused products have no greater connection to the NDCA than to this District.

Additionally, Plaintiff's contacts in this forum are far greater than Amazon characterizes. Plaintiff is incorporated in Texas, has its principal office in Austin, and an office in this District where it maintains documents related to this action, has partnered with UT-Dallas, and its CEO travels to this District regularly for research. Dkt. No. 70-1 ¶¶ 1, 3, 5. One of the inventors "meets virtually with UT Dallas professors on at least a weekly basis" to check in on research. Dkt. No. 70 at 13–14. Also, Plaintiff has no connection to the NDCA. Dkt. No. 70-1 ¶ 7. While the "asserted patents were allegedly invented in California by two individuals who continue to reside in California," Dkt. No. 66 at 13, which may dictate the law applied to the standing defense Amazon has raised, Dkt. No. 72 at 5, this is insubstantial in comparison to Plaintiff's ongoing connection to this District. Accordingly, the Court finds that this factor weighs slightly against transfer.

*vii. Remaining Factors*

The remaining public interest factors are (1) the familiarity of this District with the governing law of the case, and (2) the avoidance of unnecessary problems of conflict of laws. *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). Amazon has conceded that both factors are neutral, which Plaintiff acknowledged in lieu of arguing them. See Dkt. No. 66 at 14–15; Dkt. No. 70 at 15. The Court thus accepts that these factors are neutral for the purposes of resolving Amazon's Motion.

### III.   CONCLUSION

Having reviewed each factor, on balance, the Court finds that Amazon has not carried its burden to show that NDCA is clearly more convenient than this District. Accordingly, Amazon's Motion is **DENIED**.

**SIGNED this 8th day of March, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE