**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EDGE NETWORKING SYSTEMS LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00887-JRG-RSP |
| AMAZON.COM SERVICES LLC, | § | |
| *Defendant*. | § | |
| | § | |

**ORDER ON MOTIONS *IN LIMINE***

The Court held a Pretrial Conference in the above-captioned case on July 1, 2026, and addressed motions *in limine* filed by Plaintiff Edge Networking Systems LLC, (Dkt. No. 227) and Defendant Amazon.com Services LLC, (Dkt. No. 228). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties.

While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby

**ORDERED** as follows:

**A. Plaintiff's Motions *in Limine* (Dkt. No. 227)**

1. **Plaintiff's MIL No. 1**: To Preclude the Parties from Introducing Evidence, Testimony, or Argument Concerning the Identity, Location, or National Origin of Any Investors in the Plaintiff.

This motion *in limine* is **GRANTED** as to the unnamed Investor, of whom both Parties are aware. If Defendant believes that the door has been opened by Plaintiff's proffered evidence,

testimony, or argument, to name this Investor and explore its relationship with Plaintiff, Defendant must first approach and seek leave of the Court.

2. **Plaintiff's MIL No. 2**: To Preclude the Parties from Referring to Either Mr. Kowalski or Mr. Bala as an Expert.

This motion *in limine* is agreed as to Mr. Bala, and is **DEFERRED** to Plaintiff's co-pending Motion to Exclude the Expert Disclosure and Expert Testimony as to Mr. Kowalski (Dkt. No. 156).

3. **Plaintiff's MIL No. 3**: To Preclude the Parties from Disputing Infringement or Attempting to Discredit Dr. Valerdi Based on Lack of Review of Materials Not Produced During Discovery.

This motion *in limine* is **DENIED**. If Plaintiff believes Defendant is cross-examining Dr. Valerdi concerning information that Defendant had an obligation to produce and did not, Plaintiff should raise a contemporaneous objection.

**B. Defendant's Motions *in Limine* (Dkt. No. 228)**

1. **Defendant's MIL No. 1**: Preclude Evidence, Testimony, or Argument Related Only to Willful Infringement.

This motion *in limine* is **GRANTED** as to evidence or argument on Defendant's or any other Amazon entity's alleged pre-suit knowledge of the asserted patents or their patent family, including through citation of any Edge patents during prosecution of any patent applications by Defendant or any other Amazon entity, including citations of U.S. Patent No. 9,843,624 during prosecution of Amazon Technologies, Inc.'s U.S. Patent Application No. 16/129,632, or any of its family members. This grant includes exclusion of any evidence or argument about pre-suit knowledge of the asserted patents.

This motion *in limine* is also **GRANTED** as to evidence or argument about any alleged Amazon policy of not reviewing or investigating third-party patents (willful blindness).

This motion *in limine* is also **GRANTED** as to any request for enhanced damages under 35 U.S.C. § 284 or any reference to enhanced damages in the presence of the jury.

Finally, this motion *in limine* is **DENIED** in all other respects.

2. **Defendant's MIL No. 2**: Preclude Evidence, Testimony, or Argument Related to the Size, Operation, or Financials of Non-Parties Amazon.com Inc. and AWS Unrelated to Defendant's Alleged Infringing Use.

This motion *in limine* is **GRANTED** as to:

(1) references to total revenues, profits, market capitalization, or financial condition of Amazon.com, Inc., or Amazon Web Services, Inc.; and

(2) references to the overall size of Amazon.com, Inc. (by employee count, revenue, or otherwise) or its position as a Fortune 500 or a Fortune 10 company.

This motion *in limine* is otherwise **DENIED** without prejudice to the arguments made in Defendant's co-pending Motion to Exclude Opinions in the Opening Expert Report of Michael Lindsay Under *Daubert* (Dkt. No. 165), which the Court will address on the merits in a forthcoming order.

**SIGNED this 1st day of July, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE