**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EDGE NETWORKING SYSTEMS LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00887-JRG-RSP |
| AMAZON.COM SERVICES LLC, | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion to Exclude the Expert Disclosure and Expert Testimony of Marcin Kowalski. **Dkt. No. 156.** In the Motion, Edge says Amazon should not be allowed to present Kowalski, an Amazon Senior Principal Engineer, as an expert because the disclosure doesn't summarize any opinions or meet *Daubert*'s standard. Having considered the Motion and related briefing (Dkt. Nos. 192, 201, 218), the Court **DENIES** the Motion.

## I. BACKGROUND

In February 2026, Amazon disclosed Kowalski as a non-retained expert and summarized the facts and opinions he intends to offer as an expert. *See* Kowalski Discl., Dkt. No. 156-2. Generally, the disclosure relates to the history, operation, and architecture of the EC2 Platform, which Amazon calls "one of the most well-documented technologies in the history of cloud computing." Dkt. No. 186 at 1. At a high level, the disclosure outlines Kowalski's history with EC2 "[b]ased on his nearly two decades of hands-on experience designing, building, and operating EC2's core infrastructure." Kowalski Discl., Dkt. No. 156-2 ¶ 1.

The disclosure has six paragraphs that repeatedly refer to his personal knowledge of, and experience with, the EC2 system. For example, Amazon discloses that "Kowalski possesses deep firsthand knowledge of the technical capabilities and limitations that defined the relevant art during

the priority date timeframe." Kowalski Discl., Dkt. No. 156-2 ¶ 1. That knowledge is "based on his nearly two decades of hands-on experience designing, building, and operating EC2's core infrastructure." *Id.* Similarly, his testimony "that EC2 was designed from the outset to enable developers to launch virtual servers . . . , configure security and networking, and scale capacity on demand" is "[b]ased on his personal involvement from the platform's inception." *Id.* ¶ 2; *see also Id.* ¶ 3 ("His testimony will be based on his experience developing these specific architectural components."). Although Edge suggests there are no opinions in the disclosure, the document hints at two: (1) "that he qualifies as a POSITA . . . based on the fact that he was personally involved in developing and maintaining the very systems at issue in this case during the relevant time period," *Id.* ¶ 1; and (2) "that the technical features and functionality [in] Edge's infringement contentions . . . all pre-existed in the EC2 platform before June 2013," *id.* ¶ 6.

Edge asks the Court to strike Kowalski's disclosure and remove his status as an expert for three reasons. First, says Edge, the disclosure "is a factual declaration cloaked as a summary of expert testimony, and . . . fails to put Edge on notice of what opinions Mr. Kowalski intends to present during trial." Dkt. No. 156 at 2–3. Second, the disclosure fails the *Daubert* standard. *Id.* at 4. Third, Amazon is trying an improper "practicing the prior art" defense. *Id.* (citing *Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1377 (Fed. Cir. 2002)).

In response, Amazon stresses it disclosed Kowalski as a non-retained expert well before his deposition so Edge could prepare for those topics. Dkt. No. 192 at 1. At that deposition, Edge could have questioned him about his qualifications and each topic in his disclosure, but chose not to. *Id.* at 7. As for sufficiency under *Daubert* and the assertion about an improper "practicing the prior art" defense, Amazon calls both challenges "thin." Dkt. No. 192 at 6.

## II. APPLICABLE LAW

### A. Fed. R. Evid. 702, *Daubert*, and *Kuhmo Tire*

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. This rule requires a district court to make a preliminary determination, when requested, as to whether its requirements are satisfied for a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993).

District courts have broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 (noting "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit has identified various factors that the district court may consider in these determinations, the ultimate inquiry dictates the nature of the factors to consider—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the factfinder and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role. Instead, the court acts as a gatekeeper, ensuring that the disputed evidence is at least sufficiently reliable and relevant to the issue before the jury to help. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law and noting that when "the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one

expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) (noting "the trial court's role as gatekeeper under *Daubert* is not intended to serve as a replacement for the adversary system," and "while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits") (cleaned up). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

**B. The Disclosure Requirements for Non-Retained Expert Witnesses.**

Although a non-retained expert witness need not serve a report under Fed. R. Civ. P. 26(a)(2)(B), the party designating that witness must disclose "(i) the subject matter on which the expert is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii). "[A] 'summary of opinions' . . . means 'a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case.'" *Knighton v. Lawrence*, No. SA-14-CV-718-XR, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) (quoting *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015)). "The purpose of requiring a 'summary of the facts and opinions' is to permit the opposing party to prepare an effective cross-examination." *Id.* at *3 (citing *Hoover v. United States Dep't of the Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980)).

**C. The "Practicing the Prior Art" Defense.**

A practicing-the-prior-art defense refers to an assertion by an accused infringer that it does not infringe because it "merely practice[s] the prior art, or that which would have been obvious in light of the prior art." *See Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d

1357, 1365 (Fed. Cir. 2002). In effect, that would require a patent owner to "'prove by a preponderance of the evidence that [the] accused devices embody all the limitations in the asserted claims, and in addition, [the] accused devices must not be an adoption of the combined teachings of the prior art.'" *Id.* (quoting *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995)). But "'[t]here is no requirement that the accused device be nonobvious in light of the prior art, or otherwise be itself patentable.'" *Id.* (quoting *Baxter*, 49 F.3d 1575 at 1583). "'Literal infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device.'" *Id.* (quoting *Baxter*, 49 F.3d 1575 at 1583).

## III. DISCUSSION

To start, even if Kowalski's disclosure is devoid of opinions, no rule prohibits an expert from providing only factual testimony. *See* Fed. R. Evid. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion *or otherwise* . . . ." (emphasis added)); *id.* cmt. (noting the "logically unfounded" assumption by most literature that "assumes that experts testify only in the form of opinions," and the wisdom in "encourag[ing] the use of expert testimony in non-opinion form when counsel believes the trier can itself draw the requisite inference").

Second, the disclosure meets the *Daubert* standard. Amazon's disclosure about Kowalski shows he has nearly 20 years of experience with EC2. Edge doesn't meaningfully challenge his knowledge or that it has a connection to a "pertinent inquiry" in the case—whether certain claims are invalid based in whole or in part on the EC2 system.

Finally, as for a practicing-the-prior-art defense, nothing in the disclosure suggests that's where Amazon intends to go. Rather, the disclosure lays a technical foundation on which Amazon's invalidity expert will build, which is consistent with Amazon's representations about its intent. *See*

Dkt. No. 192 at 6 (explaining Kowalski's testimony "serves as a factual predicate for ASL's invalidity defenses," and he "will not opine on the ultimate issue of invalidity, much less infringement.").

The record shows Kowalski is qualified as an expert by at least knowledge and experience about the history, operation, and architecture of the EC2 Platform. That testimony will help the trier of fact resolve a pertinent inquiry. Accordingly, the Court **DENIES** the Motion.

**SIGNED this 17th day of November, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE